KARL E. GUENTHER V. STATE.

No. 24401. June 24, 1949.

*Ray Stevens* and *Wright Stubbs*, Austin, for appellant.

*Ernest S. Goens*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a $50.00 fine imposed by the county court at law of Travis County on a charge of driving on a public highway while intoxicated.

The trial was to the court without a jury. The prosecution rested its case on the evidence of the arresting officers and the expert testimony of Dr. Beerstecher as to the results of a test made by the officer of the alcoholic content of appellant's breath. This evidence is based on a showing made by forcing the breath of appellant, by a process thoroughly described, through a machine designated the "Harger Breathometer." The evidence contained a description of this machine and the nature of the test made through it, together with Dr. Beerstecher's opinion of the result of the test.

The appellant had signed an agreement for this test. The agreement did not relate to the particular instrument described but simply said, "* * * do freely and voluntarily request that a test for alcohol be given me, and further state that the result of such test may be used in evidence against me on my trial for the offense concerning which such alcohol test is herein made." In pursuance of the agreement thus described, the test referred to was made. The officer having charge of it testified as to the process involved and the result of his finding. Dr. Beerstecher then commented, giving his opinion as to the intoxication of appellant based on such alcoholic content.

From appellant's brief I quote: "There was a further objection based upon the theory that if the defendant was drunk he could not give his consent but appellant, through counsel, waives this position as not being particularly well taken and the law is well settled upon this point." While the test and the evidence introduced by the officers show a drunken condition which might have been sufficient to relieve appellant from any waiver of his rights to object to the evidence giving the result of the test, yet it will be seen that no such objection has come to this court.

In view of the foregoing agreement which appellant entered into, that the test be made and that the evidence be introduced,

the same was properly before the court for such consideration as he may see fit to give it as a circumstance. We are not to be understood as holding that the evidence of the result of the test would be admissible over proper objection. That question is not before us.

The evidence of the arresting officers amply justified the court's action in finding appellant guilty. The evidence of Dr. Beerstecher was admitted without any valid objection and is, therefore, before the court for such purpose and consideration as the court may be permitted to give it under the law.

Finding no reversible error, the judgment of the trial court is affirmed.